UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-121-RLV
(5:09-cr-21-RLV-DCK-1)

| | |
|---|---|
| KAREEM KABBAR WEBB, ) ) Petitioner, ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Motion to Dismiss, (Doc. No. 6). Petitioner is represented by Ross Richardson of the Federal Defenders of Western North Carolina. For the reasons that follow, Petitioner's motion to vacate will be denied, the Government's Motion to Dismiss will be granted, and the § 2255 petition will be dismissed.

**I. BACKGROUND**

On April 22, 2009, Petitioner Kareem Kabbarr Webb was indicted by the Grand Jury for the Western District of North Carolina. Count One charged that on January 5, 2009, Petitioner possessed with intent to distribute a mixture and substance of a detectable amount of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). (Criminal Case No. 5:09-cr-RLV-DCK-1, Doc. No. 1: Indictment). Count Two alleged that, on that same day, Petitioner possessed a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). (Id.). Count Three charged that on January 7, 2009, Petitioner possessed with intent to distribute

1

at least five (5) grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B). (Id.). Count Four alleged that on January 7, 2009, Petitioner possessed a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). Count Five charged Petitioner as a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). (Id.).

On September 17, 2009, the parties executed a plea agreement in which Petitioner agreed to plead guilty to Counts Three, Four, and Five in exchange for the government's dismissal of the remaining counts. (Id., Doc. No. 13: Plea Agreement). The parties' plea agreement contained a waiver of Petitioner's right to seek post-conviction relief from either his conviction or sentence, "except for: (1) claims of ineffective assistance of counselor (2) prosecutorial misconduct." (Id. at 6). The following day, September 18, 2009, Petitioner pled guilty to Counts Three, Four, and Five. (Id., Doc. No. 14: Acceptance and Entry of Guilty Plea).

In advance of sentencing, the probation office prepared a presentence report ("PSR"). Based on Petitioner's prior felony convictions, the PSR designated Petitioner as a career offender pursuant to U.S.S.G. § 4B1.1. (Id., Doc. No. 19 at 8: PSR). After a three-level reduction for acceptance of responsibility, Petitioner's base offense level was 31. (Id.). The PSR also placed Petitioner in Criminal History Category VI, both because his prior convictions tallied 20 criminal history points and because of the career-offender designation. (Id. at 16). Pursuant to U.S.S.G. § 4B1.1(c), Petitioner's advisory sentencing guidelines called for between 262 and 327 months' imprisonment. (Id. at 23). This Court ultimately imposed a concurrent 202-month sentence on Count Three, a concurrent 120-month sentence on Count Five, and a consecutive 60-month sentence of imprisonment on Count Four, for a total of 262 months, entering judgment on April 28, 2010. (Id., Doc. No. 22: Judgment).

Petitioner appealed, and the Fourth Circuit affirmed this Court's judgment in an unpublished opinion on October 25, 2011. United States v. Webb, 452 Fed. App'x 316 (4th Cir. 2011). Less than a year later, on August 17, 2012, Petitioner filed the instant motion to vacate under 28 U.S.C. § 2255, seeking, in the alternative, relief under 28 U.S.C. § 2241 or writs of coram nobis or audita querela. In his motion, Petitioner contends that he is entitled to relief under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). More specifically, Petitioner seeks relief from his sentence based on his designation as a career offender, arguing that, in light of Simmons, certain of his predicate convictions were not punishable by more than one year in prison.

On October 1, 2013, the Court ordered the Government to respond to the petition. After receiving an extension of time, the Government filed a motion to dismiss on January 14, 2014. In the motion to dismiss, the Government contends that Petitioner waived his right to present this post-conviction challenge to his sentence. Petitioner did not file a brief in response to the motion to dismiss.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

As the Government states in the motion to dismiss, Petitioner's Simmons claim is subject to dismissal because he waived his right to bring this challenge in his plea agreement. Here, the record establishes that Petitioner knowingly and voluntarily waived his right to challenge his sentence in a post-conviction proceeding except on the bases of ineffective assistance of counsel or prosecutorial misconduct. Such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."); see also United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013) (dismissing appeal of defendant challenging sentencing enhancement in light of Simmons because defendant waived his right to appeal his sentence in his plea agreement); United States v. Snead, No. 11-5100, 2012 WL 541755 (4th Cir. Nov. 7, 2012) (unpublished) (same).

Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a post-conviction proceeding. See (Criminal Case No. 5:09-cr-RLV-DCK-1, Doc. No. 29 at 12; 14: Transcript of Rule 11 Hearing). Petitioner has not presented a claim of ineffective assistance of counsel or prosecutorial misconduct. Petitioner's claim of sentencing error, which is not based on either ineffective assistance of counsel or prosecutorial misconduct, falls within the scope of his post-conviction waiver.

Accordingly, neither of the exceptions to Petitioner's plea waiver applies, and the petition will, therefore, be dismissed.

## IV. CONCLUSION

In sum, for the reasons stated herein, the Government's motion to dismiss will be granted and the petition will be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 motion, (Doc. No. 1), is **DENIED** and the petition is **DISMISSED**.

2. The Government's Motion to Dismiss, (Doc. No. 6), is **GRANTED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: June 25, 2014

Richard L. Voorhees
United States District Judge