| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KAREEM KABBAR WEBB | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se for appointment of counsel and for a reduction of sentence based on the First Step Act of 2018. (Doc. No. 53).

The defendant pled guilty to possessing with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count Three), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Four), and possessing a firearm as a felon, in violation of 18 U.S.C. §922(g)(1) (Count Five). (Doc. No. 22: Judgment at 1). He faced a statutory range of punishment of five to forty years and an advisory guideline range of 262 to 327 months imprisonment and 4 years' supervised release, taking into account his career offender status. (Doc. No. 19: Presentence Report at 7-9). The Court imposed a sentence of 262 months and 4 years of supervised release. (Doc. No. 44: Judgment at 2, 3).

Under the First Step Act, the defendant would not be subject to a mandatory minimum sentence because his drug quantity was found to be between 5 and 20 grams of crack. (Presentence Report at ¶ 2). However, Sections 404(b) and (c) of the

Act specify that a court "may," but is not required to, impose a reduced sentence as if the Fair Sentencing Act of 2010 had been in place at the time of the original offense was committed. First Step Act of 2018, Pub. L. 115-135 (2018).

Here, the Court found at the sentencing hearing that to accomplish the goals of sentencing in 18 U.S.C. § 3553(a), particularly to protect the public from further crimes of the defendant, that the guideline range was sufficient but not greater than necessary. (Doc. No. 30: Sent. Hr'g Tr. at 11). The Court followed the procedure in USSG §4B1.1 for defendants with Criminal History Category VI and determined the sentence based on an offense level of 31, resulting in a range of 262 to 327 months. (Doc. No. 19: Presentence Report at 7-9). The elimination of a mandatory minimum under the First Step Act does not affect the Court's previous ruling that a sentence of 262 months was sufficient, but not greater than necessary, to accomplish the objectives of sentencing in the circumstances of this case. Therefore, the Court declines to exercise its discretion under the Act to reduce the defendant's sentence for the reasons stated at the sentencing hearing. (Doc. No. 30: Sent. Hr'g Tr. at 11-12).

The defendant also asks the Court to appoint him counsel to assist him with his request for a sentence reduction under the First Step Act. However, "a criminal defendant has no right to counsel beyond his first appeal." United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (quoting Coleman v. Thompson, 501 U.S. 722, 756 (1991). "Though in some exceptional cases due process does mandate the

appointment of counsel for certain postconviction proceedings, . . . [a] motion for reduction of sentence does not fit into this category." Legree, 205 F.3d at 730 (internal citation omitted).

**IT IS, THEREFORE, ORDERED** that the defendant's motion, (Doc. No. 53), is **DENIED**.

The Clerk is directed to certify copies of this Order to the defendant, the Federal Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: November 4, 2019

Kenneth D. Bell
United States District Judge